UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REBERTO ALMONTA TEJADA,

                          Plaintiff,

          -against-

NEW YORK POLICE 71 PCT BROOKLYN
11225, et al.,

                          Defendants.

1:26-CV-3795 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Reberto Almonta Tejada brings this *pro se* action invoking the court's federal question subject matter jurisdiction and, apparently, asserting claims of federal constitutional violations and of disability discrimination. (ECF 1, at 3.) He seeks damages and, possibly, injunctive relief. Plaintiff names as defendants: (1) the New York City Police Department's ("NYPD") 71st Precinct, which is located in Brooklyn, Kings County, New York; (2) unidentified "TA Police Officer 968464"; (3) "TA Police New York City Erica Grant 71 BK 11225"; (4) what appears to be the NYPD's 103rd Precinct, which is located in Jamaica, Queens County, New York; (5) NYPD Police Officer Micheil Onseill, who is alleged to be assigned in Brooklyn; and (6) an unidentified "John Doe" "TA" Police Officer, who is alleged to be assigned to the NYPD's 84th Precinct, which is also located in Brooklyn.

For the reasons set forth below, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is located at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in a United States District Court for:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Because it is unclear where some of the defendants reside and whether any of the individual defendants reside within this judicial district,[1] or even within the State of New York, it is not clear that this court is a proper venue for this action under Section 1391(b)(1). Even if the Court assumes that venue is proper in this court under Section 1391(b)(1), because Plaintiff alleges that the events giving rise to his claims occurred in Brooklyn, Kings County, New York, and also, perhaps, in Queens County, New York (ECF 1, at 1, 9-11), which are both located within the Eastern District of New York,[2] *see* 28 U.S.C. § 112(c), the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other federal district court where it might have been brought

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island): (4) Nassau; and (5) Suffolk. *See* 28 U.S.D.C. § 112(c).

"[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying alleged events occurred within the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court transfers this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees (ECF 2), and whether his application for the court to request *pro bono* counsel (ECF 4) is to

3

be granted, are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court directs the Clerk of Court to terminate ECF 4 on the electronic docket of this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 29, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge